IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Eclipse IP LLC, | ) |
| | ) |
| Plaintiff, | ) **Case No.** _____ |
| | ) |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Harley-Davidson, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eclipse IP LLC ("Eclipse") complains of defendant Harley-Davidson, Inc. ("Harley") as follows:

### Nature of Lawsuit

1.   This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

### Parties and Patents

2.   Eclipse is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

3. Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,479,900 ("the '900 patent"), entitled "Notification Systems and Methods that Consider Traffic Flow Predicament Data" (Exhibit A).

4. On information and belief, Harley is a corporation organized and existing under the laws of Wisconsin.

5. On information and belief, Harley does regular business in this judicial district and has committed acts of infringement in this judicial district.

## Jurisdiction and Venue

6. This Court has personal jurisdiction over Harley because Harley transacts continuous and systematic business within the State of Texas and this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## Defendant's Acts of Patent Infringement

8. Harley manufactures, imports, markets, distributes, and/or sells vehicles with navigation systems that infringe one or more claims of the '900 patent through, among other activities, the use of the navigation systems: schedule notifications relating to arrival or departure of the vehicle; monitor traffic flow predicament data relating to a vehicle's intended route; and determine whether or not to reschedule notifications based upon such data.

9. Eclipse, by letter, informed Harley of the existence of the '900 patent, alleged that Harley infringes this patent, and offered to engage in licensing negotiations.

10. Prompted by Eclipse's letter, counsel for Harley contacted counsel for Eclipse. The parties engaged in preliminary discussions but could not agree on a suitable licensing arrangement.

11. Instead, with knowledge of its infringement of the '900 patent and in disregard of Eclipse's patent rights, Harley chose to continue to manufacture, import, advertise, market, distribute, and/or sell the infringing products.

12. Harley has knowingly infringed one or more claims of the '900 patent through, among other activities, the use of navigation systems in its vehicles to: schedule notifications relating to arrival or departure of the

vehicle; monitor traffic flow predicament data relating to a vehicle's intended route; and determine whether or not to reschedule notifications based upon such data.

13. Harley has actively induced and/or contributed to the infringement by others of one or more claims of the '900 patent through, among other activities, continuing to manufacture, distribute, and sell vehicles equipped with the infringing navigation systems to its customers after having received notice of its infringement of the '900 patent.

14. Through direct, induced, and contributory infringement Harley has injured Eclipse, and Eclipse is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

### Claims for Relief

### Count I
### (Patent Infringement of U.S. Patent No. 7,479,900 Under 35 U.S.C. § 271, *et seq.*)

15. Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 14 above.

16. On January 20, 2009, United States Patent No. 7,479,900, entitled "Notification Systems and Methods that Consider Traffic Flow Predicament Data" was duly and legally issued by the United States Patent

and Trademark Office. Eclipse IP is the owner of the entire right, title and interest in and to the '900 patent. A true and correct copy of the '900 patent is attached as Exhibit A to this complaint.

17. Eclipse is informed and believes, and thereupon alleges, that Harley: (1) has infringed and continues to infringe claims of the '900 patent, literally and/or under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '900 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '900 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## Prayer for Relief

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Harley and against each of the its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

(a) An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

(b) An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Harley's willful infringement, and reasonable attorneys' fees and costs; and

(c) Such other and further relief as this Court or a jury may deem proper and just.

## Jury Demand

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted this 18th day of March, 2013

        Respectfully submitted,

        GILLAM & SMITH, LLP

        */s/ Melissa R. Smith*
        Melissa R. Smith
        State Bar No. 24001351
        GILLAM & SMITH, L.L.P.
        303 S. Washington Ave.
        Marshall, Texas 75670
        Telephone:  (903) 934-8450
        Facsimile:  (903) 934-9257
        melissa@gillamsmithlaw.com

7

      *s/ Matthew S. Harman*
Matthew S. Harman
Georgia Bar No. 327169
HARMAN LAW LLC
4279 Roswell Road
Suite 102-273
Atlanta, Georgia 30342
Telephone:  (404) 869-1119
Facsimile:  (404) 424-9370
Email:
mharman@harmanlaw.com

Attorneys for Plaintiff

7